# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ACHING OAK LLC                                            *
C/O TESS LAW
2833 SMITH AVE #138                                      *
BALTIMORE MD 21209
                                                         *

     *Plaintiff*

          *v.*                                         *

                                                         *    Case No. ___1:26-cv-3017___

SCOTT TURNER, in his official capacity as
Secretary of the United States Department of             *
Housing and Urban Development
451 Seventh Street, S.W., Washington, DC 20410           *

KELLY O. HAYES, in her official capacity as              *
United States Attorney for the District of
Maryland,                                                *
United States Attorney's Office
36 S. Charles Street, 4th Floor                          *
Baltimore, MD 21201
                                                         *
TODD BLANCHE, in his official capacity as
Attorney General of the United States,                   *
U.S. Department of Justice
950 Pennsylvania Avenue, NW                              *
Washington, DC 20530-0001
                                                         *
Baltimore City Department of Public Works
100 Holliday St, Baltimore, MD 21202                     *

City of Baltimore                                        *
S/O Director Of Finance 100 Holliday
St, Baltimore, MD 21202                                  *

State of Maryland                                        *
Office of the Attorney General 200 St Paul
Pl, Baltimore, MD 21202                                  *

The Mayor and City Council of Baltimore City             *
S/O City Solicitor 100 Holliday St, Baltimore,           *
MD 21202

                                                            *

All unknown owners of the property (501 Rose
Hill Terr Baltimore 21218 being known as Ward -        *
09 Section - 01 Block - 3903  Lot - 026 with a
legal description of 24X95-4 on the Tax Roll of
the Director of Finance), the unknown owner's
heirs, devisees, and personal representatives and
their or any of their heirs, devisees, executors,
administrators, grantees, assigns, or successors in
right, title and interest and any and all persons
having or claiming to have any interest in the
property.

     *Defendants*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT TO FORECLOSE RIGHT OF REDEMPTION

Plaintiff, ACHING OAK LLC, requests this Honorable Court foreclose the rights of

redemption as to the property described below and for cause states:

### PARTIES

1.      Aching Oak is a limited liability company organized under the laws of

Maryland and is the holder of the certificate of sale at issue.

2.      The certificate of tax sale concerns the property commonly known as 501

Rose Hill Terrace, Baltimore, Maryland 21218, Ward 09, Section 01, Block 3903, Lot

026. (the "Property").

3.      Defendant Scott Turner, in his official capacity as Secretary of the United

States Department of Housing and Urban Development ("HUD"), holds record title to the

Property on behalf of the United States. *See* **Exhibit A**. Secretary Turner is sued solely in

his official capacity, and any successor to that office shall be automatically substituted as the defendant pursuant to Federal Rule of Civil Procedure 25(d).

4.    Kelly O. Hayes and Todd Blanche, in their official capacities, are named solely to ensure notice and service upon the United States under Federal Rule of Civil Procedure 4(i). Their successors shall be automatically substituted under Rule 25(d).

5.    The Baltimore City Department of Public Works, the City of Baltimore, and the Mayor and City Council of Baltimore are named as defendants required by the applicable tax-sale statutes, and the State of Maryland is named solely to comply with those statutes. The Mayor and City Council of Baltimore is additionally named as the defendant on the claim pleaded in Count II. The City's collector assessed the taxes and charges, sold the resulting lien, and issued the certificate of tax sale now held by Aching Oak. Md. Code Ann., Tax–Prop. §§ 14-836(b)(1)(v)–(vi), 14-839(c).

## JURISDICTION AND VENUE

6.    This action arises under the Constitution and laws of the United States, including 12 U.S.C. §§ 1702 and 1714, 28 U.S.C. §§ 1331, 1346(f), 2201, 2202, and 2409a, and 5 U.S.C. §§ 702 and 706.

7.    Congress has expressly provided that real property acquired and held by the Secretary under Title II of the National Housing Act is not exempt from taxation by a State or political subdivision and is taxable to the same extent, according to its value, as other real property. 12 U.S.C. § 1714.

8.      Congress has authorized the Secretary, in carrying out the applicable provisions of the National Housing Act, to sue and be sued in any court of competent jurisdiction. 12 U.S.C. § 1702.

9.      Aching Oak seeks relief against the Secretary payable or performable from funds and property within HUD's possession and control, including the applicable mortgage-insurance fund. Aching Oak does not seek payment from the general Treasury.

10.     To the extent this action adjudicates disputed interests in real property in which the United States claims fee title, jurisdiction and waiver of sovereign immunity are pleaded alternatively under 28 U.S.C. §§ 1346(f) and 2409a.

11.     This Court has supplemental jurisdiction over Aching Oak's related Maryland claims under 28 U.S.C. § 1367.

12.     Venue is proper under 28 U.S.C. §§ 1391(e) and 1402(d) because the Property is located within this District and a substantial part of the events giving rise to this action occurred here.

13.     Aching Oak will serve the United States, the Attorney General, the United States Attorney for the District of Maryland, and the Secretary, along with any other defendants in accordance with Federal Rule of Civil Procedure 4(i).

## FACTUAL ALLEGATIONS

14.     The Secretary acquired record title to the Property by deed dated November 6, 2019, recorded among the Land Records of Baltimore City at MB 21566/0207. The taxes and charges for which the Property was sold accrued after that date, while the Property was held by the Secretary.

15.     On May 18, 2026, the Collector of Taxes of Baltimore City sold to the Plaintiff the hereinafter referenced property, and a tax sale certificate was issued to the Plaintiff in accordance with MD Code Tax-Property Title 14 Subsection 8.

16.     A description of the property in substantially the same form as the description appearing on the certificate of tax sale is: 501 Rose Hill Terr Baltimore 21218 being known as Ward - 09 Section - 01 Block - 3903  Lot - 026 with a legal description of 24X95-4 on the Tax Roll of the Director of Finance.

17.     The amount necessary to redeem the property is $2,966.62 plus interest at the statutory rate from the date of sale to the redemption, plus all court costs and expenses of this proceeding including all allowed costs, expenses and fees permitted under MD Code Tax-Property §§14-828, 14-843.

18.     The property has not yet been redeemed by any party in interest.

19.     Attached as **Exhibit A** is a copy of the Certificate of Tax Sale. **Exhibit B** is the Abstractor's Affidavit of Title Search with a copy of the Title Search. **Exhibit C** is the Affidavit of Compliance with Notice Requirement. **Exhibit D** is a copy of the substantial-repair order issued for the property. A proposed Notice to Interested Parties and proposed Order of Publication are also attached.

## COUNT I
**(FORECLOSURE OF RIGHTS OF REDEMPTION)**

20.     Aching Oak incorporates the allegations of the Parties, Jurisdiction and Venue, and Factual Allegations sections.

21.     Aching Oak is entitled to a judgment foreclosing all rights of redemption under Md. Code Ann., Tax-Prop. §§ 14-833, 14-835, and 14-844.

22.     All statutory conditions that must occur before filing have occurred, have been satisfied, or are inapplicable because the substantial-repair certification described above applies.

23.     The Property is subject to State and local real-property taxation under 12 U.S.C. § 1714. The unpaid taxes therefore constitute a valid lien against the Property, and Aching Oak holds all rights arising under the Certificate of Sale.

24.     Aching Oak primarily requests a judgment foreclosing all rights of redemption and vesting absolute and indefeasible title to the Property in Aching Oak.

25.     Alternatively, if the Court determines that federal law prevents foreclosure of the United States' interest through the ordinary Maryland tax-sale process, Aching Oak requests an order requiring the Secretary of Housing and Urban Development to cause the Property to be redeemed by paying the full redemption amount, including all interest, expenses, attorneys' fees, and subsequent taxes recoverable under Maryland law.

26.     In the further alternative, Aching Oak requests a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that: (a) the lien evidenced by the Certificate of Sale is valid under 12 U.S.C. § 1714 and Maryland law and was not extinguished by the United States' acquisition or ownership of the Property; (b) the lien and all of Aching Oak's rights under the Certificate of Sale survive any sale, transfer, or other disposition of the Property by the Secretary; and (c) upon any disposition of the Property, the Secretary must cause the lien to be satisfied in full, including all amounts recoverable on redemption under Maryland law, or convey the Property expressly subject to the lien.

**COUNT II**

**(RECOVERY OF THE REDEMPTION AMOUNT FROM THE CITY DEFENDANTS)**

27.    Aching Oak incorporates the preceding allegations and pleads this Count in the alternative to Count I.

28.    The taxes and charges underlying the Certificate of Sale were validly assessed against the Property, which is subject to State and local real-property taxation notwithstanding federal ownership. 12 U.S.C. § 1714. The resulting lien validly attached to the Property, and the Collector validly sold that lien to Aching Oak at the May 18, 2026 tax sale.

29.    The Collector of Taxes of Baltimore City selected and listed the Property for tax sale, sold the certificate to Aching Oak in the ordinary course, and received and retains Aching Oak's purchase money.

30.    The ordinary remedies attending the Certificate of Sale are unavailable by reason of the United States' ownership of the Property during the relevant period.

31.    The Mayor and City Council of Baltimore, having sold in the ordinary course a certificate whose ordinary remedies it could not deliver, is liable to Aching Oak for the full amount Aching Oak would have received upon redemption of the Property: the amount paid on account of the purchase price; interest at the applicable statutory redemption rate; all taxes, charges, and expenses advanced by Aching Oak after the date of sale; and all costs, expenses, and attorneys' fees recoverable under Md. Code Ann., Tax-Prop. §§ 14-828 and 14-843.

**WHEREFORE** Plaintiff, Aching Oak, LLC, requests:

1. A summons be issued for service on the defendants named in the complaint;

2.   The Notice to Interested Parties be signed and issued by the Clerk;

3.   The Order of Publication directed to all parties in interest in the property be signed and issued by the Judge;

4.   The Court pass a judgment that forecloses all rights of redemption of the defendants and any other person having any interest in the property or, alternatively, order the Secretary of Housing and Urban Development to cause the property to be redeemed by paying the full redemption amount, including all interest, expenses, attorneys' fees, and subsequent taxes recoverable under Maryland law;

5.   In the further alternative, a declaratory judgment that the lien evidenced by the Certificate of Sale is valid, survives any disposition of the Property by the Secretary, and must be satisfied in full or expressly preserved upon any such disposition; and

6.   In the alternative described in Count II, a judgment against the Mayor and City Council of Baltimore for the full amount Aching Oak would have received upon redemption of the Property, including the amount paid on account of the purchase price, interest at the applicable statutory redemption rate, all post-sale taxes, charges, and expenses advanced, and all costs, expenses, and attorneys' fees recoverable under Md. Code Ann., Tax-Prop. §§ 14-828 and 14-843.

_____
Steven Tessler
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org