**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | |
|---|---|
| ACHING OAK LLC<br><br>*Plaintiff*<br>*v.*<br><br>SCOTT TURNER, in his official capacity as Secretary of the United States Department of Housing and Urban Development, et al.<br><br>*Defendants* | CASE No. 1:26-cv-03017-MJM |

**AFFIDAVIT OF COMPLIANCE AND MOTION FOR JUDGMENT**
**(501 ROSE HILL TER)**

Plaintiff ACHING OAK LLC by its undersigned attorney, affirms under the penalty of perjury that service of process has been made on the below listed defendants. Service of process was performed in accordance with Fed. R. Civ. P. 4(i) and 4(j)(2), Md. Rules 2-121, 2-122, 14-503, and MD Code, Tax - Property, § 14-839(a)(5).

1. The defendants in the above captioned matter were served as follows:

   a. SCOTT TURNER, in his official capacity as Secretary of the United States Department of Housing and Urban Development was served as follows: by Maruo Bekhit, a private process server, on Tim Shaw (Management Analyst), at 2415 Eisenhower Ave, Alexandria, VA 22314 on Thursday, Oct 29, 2026; and by Eliezer Yablonovsky on Monday, Oct 26, 2026 by mailing a copy of the summons and the case certified mail, return receipt requested, to the HUD Office of Litigation at 451 Seventh Street, S.W., Washington, DC 20410 and at 2415 Eisenhower Ave, Alexandria, VA 22314. A copy of the summons and the case

was also emailed to the HUD Office of General Counsel's civil process address, ogc_civilprocess@hud.gov, on Sunday, Aug 16, 2026. The affidavit of service was filed contemporaneously with this affidavit.

b. KELLY O. HAYES, in her official capacity as United States Attorney for the District of Maryland was served as follows: by Eliezer Yablonovsky, a private process server, on Monday, Aug 17, 2026 by mailing a copy of the summons and the case certified mail, return receipt requested, to 36 S. Charles Street, 4th Floor, Baltimore, MD 21201, received on Thursday, Aug 20, 2026. The affidavit of service was filed contemporaneously with this affidavit.

c. TODD BLANCHE, in his official capacity as Attorney General of the United States was served as follows: by Eliezer Yablonovsky, a private process server, on Monday, Aug 17, 2026 by mailing a copy of the summons and the case certified mail, return receipt requested, to the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, received on Friday, Aug 28, 2026. The affidavit of service was filed contemporaneously with this affidavit.

d. Baltimore City Department of Public Works was served as follows: by Eliezer Yablonovsky, a private process server, on Maria Benton (authorized to accept service), at 100 Holliday St, Baltimore, MD 21202 on Tuesday, Aug 18, 2026. The affidavit of service was filed contemporaneously with this affidavit.

e. City of Baltimore S/O Director Of Finance was served as follows: by Eliezer Yablonovsky, a private process server, on Maria Benton (authorized to accept

service), at 100 Holliday St, Baltimore, MD 21202 on Tuesday, Aug 18, 2026. The affidavit of service was filed contemporaneously with this affidavit.

f. State of Maryland Office of the Attorney General was served as follows: by Eliezer Yablonovsky, a private process server, on Saturday, Aug 15, 2026 by mailing a copy of the summons and the case certified mail, return receipt requested, restricted delivery, received on Friday, Sep 11, 2026. The affidavit of service was filed contemporaneously with this affidavit.

g. The Mayor and City Council of Baltimore City S/O City Solicitor was served as follows: by Eliezer Yablonovsky, a private process server, on Maria Benton (authorized to accept service), at 100 Holliday St, Baltimore, MD 21202 on Tuesday, Aug 18, 2026. The affidavit of service was filed contemporaneously with this affidavit.

2. Pursuant to Md. Code, Tax - Property, § 14-840 notice was given to all Defendants by publication of an Order of Publication in a newspaper of general circulation in Baltimore City once a week for three consecutive weeks. A copy of the Order of Publication was mailed by first class, postage prepaid, to all Defendants.

3. Pursuant to Md. Rule 14-503(c), notice was posted by a competent private person in a conspicuous place on the property that is the subject of this action. The Posting was completed on October 7, 2026 and an affidavit was filed with this court contemporaneously with this affidavit.

4. No persons or entities not named as a defendant in this action possess a recorded interest, claim, judgment, or other lien or interest in the property that is the subject of this action that would be subject to Md. Code Tax-Property § 14-836(b)(4) and Md. Rule 14-502(b).

5. A written notice of this proceeding, accompanied by a copy of the complaint, was sent pursuant to Md. Code Tax-Property § 14-836(b)(4) by first class mail, postage prepaid, addressed to "Occupant." The Notice fully complied with the requirements of Md. Code Tax-Property § 14-836(b)(4).

6. Plaintiff has served all Defendants in the manner discussed above, either through explicit service or by explicitly moving for alternative service as described. All Defendants were noticed as required by Md. Code, Tax-Property, § 14-839(a)(1)-(2) (the "Noticing Provisions"). Under the Noticing Provisions, Plaintiff having made these good faith efforts is not required to conduct any additional investigation. Further, under the Noticing Provisions, these attempts are declared to be "reasonable and sufficient under all [] circumstances… and to supersede any other requirements in other cases or civil causes generally." *Voltolina v. Property Homes*, 198 Md. App. 590, 606 n.15 (2011). Plaintiff has fully complied with the notice and service requirements of the Noticing Provisions, Md. Rules 2-122(a)(2)-(3) and 14-503, including mailing the notice required by Rule 14-502(c)(3) to all Defendants, thereby satisfying the requirements for alternative service on all Defendants pursuant to Md. Rules 14-503, 2-121, and 2-122. *See id.*

7. No defendant has answered or otherwise responded to the Complaint. *See* ECF No. 8 (Oct. 26, 2026).

**WHEREFORE**, Plaintiff prays that the Court pass an order **GRANTING** it fee simple title to 501 ROSE HILL TER, the property that is the subject matter of this action, or, in the alternative, ordering the Secretary of Housing and Urban Development to cause the property to be redeemed by paying the full redemption amount, including all interest, expenses, attorneys'

fees, and subsequent taxes recoverable under Maryland law, and granting such other alternative relief requested in the Complaint as the Court deems appropriate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 1, 2026.

Steven Tessler
#31873
Tess Law LLC
2833 Smith Ave., #138
Baltimore, MD 21209
(872) 222-7377
steven@tesslaw.org

**Certificate of Service**

I hereby certify that on November 1, 2026, a copy of the foregoing documents was served, as required by law, on all persons required to be served, by CM/ECF, email, or first-class mail, as applicable.

*/s/ Steven Tessler*
Steven Tessler